## McNAIR v. CRAIG.

1. Agreed Case—Return.—Where appellant and respondent prepare an "Agreed Case" for the hearing of the appeal in this court, such "Agreed Case," with the notice of appeal and exceptions, constitute the return, and no other papers are required to be filed with the clerk of this court. *Code,* § 345, ¶ 5; Rule 2 of Supreme Court. Such an "Agreed Case" having been filed with the clerk of this court with-

in forty days after the agreement was made, he erred in dismissing
the appeal under rule 1, and the cause was ordered to be redocketed.

2. Case Criticised.—The judgment in *Nabors* v. *Latimer*, 30 S. C., 607,
approved, but the reasoning of the court, as reported, disapproved.

This was a motion by appellant to restore this case to the
docket, it having been dismissed by the clerk under rule 1 for
failure to file the return within forty days after the record con-
stituting the return had been completed. It appeared that on
May 26, 1890, appellant had notice of the filing of the decree
and within ten days thereafter gave notice of appeal. Under
written agreement, plaintiff was given until Sept. 1, 1890, to
serve his grounds of appeal. This time was further extended by
agreement made on August 27, 1890, until Sept. 23. On Sep-
tember 24, 1890, the Case as written out had this agreement
under-written and signed by the attorneys for both parties : "We
hereby agree that the foregoing shall constitute the Case for a
hearing upon the appeal before the Supreme Court." This
"Agreed Case" contained the notice of appeal and exceptions.

On October 29, 1890, this Agreed Case was filed with the
clerk of this court as the return. On Nov. 19, 1890, the clerk
of this court dismissed the appeal under rule 1, because the
return had not been filed within 40 days after the record consti-
tuting the return was completed.

*Mr. R. T. Caston,* for the motion.

*Mr. H. H. Newton,* contra.

November 26, 1890. The following order was passed

Per Curiam. Upon hearing the motion of appellant to re-
instate appeal in the above cause, which was dismissed by clerk
of this court under rule 1, it is ordered, that said motion be
granted, and that the clerk do restore said appeal to the docket.

This order was signed by Chief Justice Simpson, and he stated
orally that an opinion would be thereafter filed.

January 19, 1891. The opinion was delivered

Per Curiam. This was a motion to reinstate an appeal which

had been dismissed by the clerk under rule 1, for failure to file the return within the prescribed time. The conceded facts are that a "Case" was agreed upon by the parties and that a printed copy of such "Agreed Case" was filed in the office of the clerk of the Supreme Court as and for the return, within forty days after the "Case" was agreed upon. But inasmuch as the agreement did not state that such "Agreed Case" should constitute the return, the point is now made that the same cannot be regarded as the return—and this is the only point in the case.

The act of 1875 (15 Stat., 862), now incorporated in the Code as subdivision 5 of sec. 345, is in these words: "Upon appeals to the Supreme Court, in case the attorney for the appellant and respondent shall agree upon a statement of the case as prepared by them for the hearing of the Supreme Court, such statement of the case shall be a sufficient Brief of the same, and no return or other paper from the Circuit Court shall be required. Upon the transmission of a certified copy of such agreement to the clerk of the Appellate Court within the time now required by law, he shall place said cause on the docket for a hearing by said court." And in the proviso to rule 2 of this court, the following language is used: "Provided, however, if the parties agree upon a statement of the case. as allowed by an act entitled 'An act to facilitate and save expenses in appeals,' approved the 5th of March, 1875, such statement, with the notice of appeal and exceptions, shall constitute the return."

It is very clear, therefore, from this explicit language of the statute, that when the parties "agree upon a statement of the case as prepared by them for the hearing of the Supreme Court, *such statement*" shall be sufficient, "*and no return or other paper*" shall be required. And when the rule of court, above quoted, pursuant to the intention and object of the statute, after prescribing what shall constitute the return ordinarily required by rule 1, contains the proviso above quoted, which expressly declares *that "such statement*, with the notice of appeal and exceptions, *shall constitute the return*," we do not see how it is possible to avoid the conclusion that when a case is agreed upon by the parties, such "Agreed Case" constitutes, with the

notice of appeal and exceptions, the return, and if these papers are filed within the prescribed time, it is sufficient.

Now, in this case it appears that the parties did agree upon a "Case" for a hearing before the Supreme Court, and a duly certified copy of such "Agreed Case," together with the notice of appeal and exceptions, was filed in the office of the clerk of this court within forty days after such case was agreed upon. The language in which the agreement is stated is as follows: "We hereby agree that the foregoing shall constitute the Case for a hearing upon the appeal before the Supreme Court:" and because the agreement did not state that such "Agreed Case" should constitute the return, it is contended that it could not be so regarded. But neither the statute nor the rule of court makes any such requirement; but, on the contrary, they both declare that the "Agreed Case," together with notice of appeal and exceptions, shall constitute the return, and the statute forbids the requirement of anything else.

It is true that the case of *Nabors* v. *Latimer*, as briefly reported in 30 S. C., 607, does seem to be in conflict with the views hereinbefore expressed, inasmuch as it is there stated that the court held that a "Case" must not only be agreed to, but it must also be agreed that such "Case" shall constitute the return, otherwise the return required by rule 2 must be filed within the 40 days." But upon examining the record on file in the clerk's office of that case, we find no evidence therein that the court used the language above quoted. The order refusing the motion contains nothing of the kind, but is a simple order refusing the motion, without giving any of the reasons. It is quite probable, therefore, that what appears in the brief report of the case was intended to be and doubtless was a correct statement of the reasons which the court gave *orally* for the conclusion reached. But we think there must have been some misapprehension on the subject, for upon examining the affidavits upon which the motion was based, we find that it not only does not appear that any "Case" was ever agreed upon, but the contrary does appear. It seems from the affidavits on part of respondents that the attorneys for appellant prepared a list of papers which they thought should constitute the "Case," and presented it to the attorneys

for respondent, with a request that they would sign an agreement that the several papers mentioned on said list should constitute the "Case" for hearing in the Supreme Court; but attorneys for respondent refused to do so, principally upon the ground that it was too general. It is true that it is stated in the affidavits on the part of appellant that attorneys for respondent did agree *verbally* that the papers mentioned on the list should constitute the "Case," which, however, was not conceded by respondent's attorneys, who insisted that they would not sign the agreement until they could see what testimony was to be incorporated in the "Case," so that there was at least a controversy whether even a *verbal* agreement was reached. But even adopting the version given of the interview by the attorneys for appellant, it is quite clear that no such statement of the case as was manifestly contemplated by the statute or rule of court above referred to, was ever agreed upon. It is quite clear, therefore, that the conclusion reached by the court in that case was a correct one, but the reason for such conclusion, as represented in the brief report of the case in 30 S. C., cannot be endorsed, as it is in direct conflict with the express language of the statute and rule of court, as shown above.

The order reinstating the appeal in this case upon the grounds hereinabove stated has already been entered.